**ORIGINAL**

RECEIVED AND FILED

Oct 29  12 42 PM '01

BY _____ DEPUTY

KIRK B. LENHARD (Nevada State Bar No. 1437)
JONES VARGAS
3773 Howard Hughes Parkway
Third Floor South
Las Vegas, NV 89109
Tel: 702-734-2220
Fax: 702-737-7705

HENRY J. SILBERBERG
BROWN RAYSMAN MILLSTEIN FELDER & STEINER LLP
1880 Century Park East, Suite 711
Los Angeles, CA 90067
Tel: 310-712-8300
Fax: 310-712-8383

DAVID A. LOEWENSTEIN
BROWN RAYSMAN MILLSTEIN FELDER & STEINER LLP
900 Third Avenue
New York, NY 10022
Tel: 212-895-2000
Fax: 212-895-2900

Attorneys for Defendant
ALLIANCE GAMING CORP.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ACTION GAMING, INC. | Case No. CV-S-01-1109-KJD-PAL |
| Plaintiff, | DEFENDANT'S ANSWER AND JURY TRIAL DEMAND |
| vs. | |
| ALLIANCE GAMING CORP. d/b/a, BALLY GAMING AND SYSTEMS,, | |
| Defendant. | |

Defendant Alliance Gaming Corp. ("Alliance") hereby responds to Plaintiff Action Gaming, Inc.'s ("AGI") Complaint Against Alliance Gaming Corp. for Patent Infringement (the "Complaint") by follows:

24653.1

1. Alliance admits that AGI purports to base its cause of action under the Patent Laws of the United States, in particular 35 U.S.C. §§ 271, 281, 283, 284, and 285, and admits that this Court has jurisdiction over the subject matter of this litigation under 28 U.S.C. §§ 1331 and 1338(a). Alliance denies that this action properly arises under the Patent Laws.

2. Alliance denies the allegations of paragraph 2 of the Complaint, except Alliance admits that Alliance transacts business in this judicial district, has its principal place of business in this judicial district, and is incorporated under the laws of Nevada.

3. Alliance denies the allegations of paragraph 3 of the Complaint, except admits that it resides in this judicial district and has an established place of business in this judicial district.

4. Alliance is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and, therefore, denies those allegations.

5. Alliance admits the allegations of paragraph 5 of the Complaint.

6. Alliance denies the allegations of paragraph 6 of the Complaint, except admits that Bally Gaming Inc., doing business as Bally Gaming and Systems (through intermediate holding companies), is an Alliance subsidiary and that Bally Gaming, Inc. designs, manufactures, and distributes casino gaming devices.

24653.1

7. Alliance denies the allegations of paragraph 7 of the Complaint, except admits that Bally Gaming and Systems has offered for sale a gaming machine known as "Multi-Play Poker."

8. Alliance repeats and realleges its responses to paragraphs 1 to 7 of the Complaint as though fully set forth herein for its response to paragraph 8 of the Complaint.

9. Alliance admits that a copy of U.S. Patent No. 5,823,873 ("the '873 patent"), entitled Method of Playing Electronic Video Poker Games, is attached to the Complaint. Except as so admitted, Alliance is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of the Complaint and, therefore, denies those allegations.

10. Alliance denies the allegations in paragraph 10 of the Complaint.

11. Alliance denies the allegations in paragraph 11 of the Complaint.

12. Alliance denies the allegations in paragraph 12 of the Complaint.

13. Alliance denies the allegations in paragraph 13 of the Complaint.

14. Alliance denies the allegations in paragraph 14 of the Complaint.

15. Alliance denies the allegations in paragraph 15 of the Complaint.

16. Alliance denies the allegations in paragraph 16 of the Complaint, except admits that AGI notified Alliance of the '873 patent.

24653.1

1     17. Alliance denies the allegations in paragraph 17 of the Complaint.

2     18. Alliance denies the allegations in paragraph 18 of the Complaint.

3     19. Alliance denies the allegations in paragraph 19 of the Complaint.

4     20. Alliance repeats and realleges its responses to paragraphs 1 to 7 of the Complaint as though fully set forth herein for its response to paragraph 20 of the Complaint.

5     21. Alliance admits that a copy of U.S. Patent No. 6,007,066 ("the '066 patent"), entitled Electronic Video Poker Games, was attached to the Complaint. Except as so admitted, Alliance is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of the Complaint and, therefore, denies those allegations.

6     22. Alliance denies the allegations in paragraph 22 of the Complaint.

7     23. Alliance denies the allegations in paragraph 23 of the Complaint.

8     24. Alliance denies the allegations in paragraph 24 of the Complaint.

9     25. Alliance denies the allegations in paragraph 25 of the Complaint.

10     26. Alliance denies the allegations in paragraph 26 of the Complaint.

11     27. Alliance denies the allegations in paragraph 27 of the Complaint.

24653.1

28. Alliance denies the allegations of paragraph 28 of the Complaint, except admits that AGI notified Alliance of the '066 patent.

29. Alliance denies the allegations in paragraph 29 of the Complaint.

30. Alliance denies the allegations in paragraph 30 of the Complaint.

31. Alliance denies the allegations in paragraph 31 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

32. The Complaint, and each count or cause of action thereof, fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

33. Alliance has not infringed and is not infringing the claims of either the '873 patent or the '066 patent (collectively, "the patents in suit").

### THIRD AFFIRMATIVE DEFENSE

34. The patents in suit are invalid for failure to comply with the requirements of Part II of Title 35 of the United States Code including, inter alia, the requirement of 35 U.S.C. § 102, § 103, and § 112.

### FOURTH AFFIRMATIVE DEFENSE

35. By reason of proceedings before the U.S. Patent and Trademark Office during prosecution of the applications which resulted in the issuance of the patents in suit, including amendments of claims and arguments and other statements made during prosecution by and on behalf of the patentee, AGI is estopped to

1 assert that Alliance has infringed or is infringing the patents in
2 suit.
3     WHEREFORE, Alliance respectfully requests that this Court
4 grant a judgment for Alliance and against AGI which provides the
5 following:
6     A.   That AGI takes nothing by reason of its Complaint,
7 and that all counts and causes of action alleged therein are
8 dismissed with prejudice;
9     B.   That the claims of the patents in suit are declared
10 invalid and not infringed by Alliance;
11    C.   That this case is declared exceptional under
12 35 U.S.C. § 285 and that Alliance therefore is awarded its
13 reasonable attorneys' fees and expenses; and
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

24653.1

6

1        D.   That Alliance is awarded such other and further
2  relief as the Court deems just and proper.
3  Dated: October 29, 2001        JONES VARGAS

By: /s/ Patrick A. Rose
PATRICK A. ROSE

KIRK B. LENHARD
3773 Howard Hughes Parkway,
Third Floor South
Las Vegas, Nevada 89109
Tel: 702-734-2220
Fax: 702-737-7705

-and for-

HENRY J. SILBERBERG
BROWN RAYSMAN MILLSTEIN FELDER
& STEINER LLP
1880 Century Park East
Suite 711
Los Angeles, Ca 90067
Tel: 310-712-8300
Fax: 310-712-8383

DAVID A. LOEWENSTEIN
BROWN RAYSMAN MILLSTEIN FELDER
& STEINER LLP
900 Third Avenue
New York, NY 10022
Tel: 212-895-2000
Fax: 212-895-2900

Attorneys for Defendant
ALLIANCE GAMING CORP.

24653.1

1 | JURY TRIAL DEMAND

2  Defendant Alliance Gaming Corporation hereby demands a
3  trial by jury on all issues triable by jury in this action.

4  Dated: October 29, 2001                JONES VARGAS

6                                         By: /s/ Patrick A. Rose
7                                             PATRICK A. ROSE

8                                         KIRK B. LENHARD
                                          3773 Howard Hughes Parkway,
9                                         Third Floor South
                                          Las Vegas, Nevada 89109
10                                        Tel: 702-734-2220
                                          Fax: 702-737-7705

11                                             -and for-

12                                        HENRY J. SILBERBERG
                                          BROWN RAYSMAN MILLSTEIN FELDER
13                                        & STEINER LLP
                                          1880 Century Park East
14                                        Suite 711
                                          Los Angeles, Ca 90067
15                                        Tel: 310-712-8300
                                          Fax: 310-712-8383
16

17                                        DAVID A. LOEWENSTEIN
                                          BROWN RAYSMAN MILLSTEIN FELDER
18                                        & STEINER LLP
                                          900 Third Avenue
19                                        New York, NY 10022
                                          Tel: 212-895-2000
20                                        Fax: 212-895-2900

21                                        Attorneys for Defendant
                                          ALLIANCE GAMING CORP.

24653.1

## CERTIFICATE OF MAILING

I certify that on October 29th, 2001, I served a copy of the foregoing DEFENDANT'S ANSWER AND JURY TRIAL DEMAND on plaintiff AGI, Inc. via first class mail as follows:

| | |
|---|---|
| Robert G. Krupka, P.C. | Richard J. Pocker |
| Barry F. Irwin | DICKERSON, DICKERSON, |
| C. Graham Gerset | CONSUL, AND POCKER |
| Karen J. Nelson | 777 North Rainbow Blvd. |
| KIRKLAND & ELLIS | Suite 350 |
| 200 East Randolph Drive | Las Vegas, NV 89107 |
| Chicago, IL 60601 | |

_____
Sheri Harper, An employee of
JONES VARGAS

24653.1